FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY L., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | NO: 2:22-CV-188-RMP <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Zachary L.[1], ECF No. 12, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 13. Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). *See* ECF No. 12 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 1

Having considered the parties' briefs, the administrative record, and the applicable law, the Court is fully informed.[2] For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

***General Context***

Plaintiff applied for DIB on approximately June 17, 2020, alleging an onset date of September 6, 2019. *See* Administrative Record ("AR")[3] 16, 197–200. Plaintiff was 39 years old on the alleged disability onset date and asserted that he was unable to work due to peroneal neuropathy in his left leg, left foot drop, compartment syndrome, severe short-term memory loss, delay between his brain and hands, irritable bowel syndrome ("IBS"), anxiety, and depression. AR 234–38. Plaintiff alleged that he stopped working on January 8, 2020, because of his conditions. AR 238. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 109–12, 126–27.

---

[2] The Court notes that Plaintiff did not file any reply. Failure to comply with the filing deadlines set by Local Civil Rule 7 "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR7(e); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.").

[3] The Administrative Record is filed at ECF No. 7.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 2

On March 16, 2022, Plaintiff appeared by telephone, represented by his attorney Casey Cox, at a hearing held by Administrative Law Judge ("ALJ") Marie Palachuk from Spokane, Washington. AR 35–64. The ALJ heard from Plaintiff as well as vocational expert ("VE") Leta Berkshire. AR 40–61. ALJ Palachuk issued an unfavorable decision on April 12, 2022, and the Appeals Council denied review. AR 1–6, 16–29.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Palachuk found:

**Step one:** Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2025. AR 18. Plaintiff did not engage in substantial gainful activity since his alleged onset date of September 6, 2019. AR 18 (citing 20 C.F.R. § 404.1571 *et seq*).

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: peroneal nerve palsy, compartment syndrome of the left lower extremity, depression, and anxiety, pursuant to 20 C.F.R. §§ 404.1520(c). AR 19. The ALJ further found that Plaintiff's medical record refers to other impairments, including a right acromioclavicular ligament sprain, IBS, and a cannabis use disorder, but those impairments are "at most non-severe for having caused no more than minimal functional limitations." AR 19 (citing AR 355, 408, 1039, and 1050). The ALJ

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 3

memorialized that "regardless of whether an impairment has been found to be severe or non-severe, all impairments have been considered" in formulating Plaintiff's residual functional capacity. AR 19.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). The ALJ memorialized that Plaintiff's physical impairments did not meet, or medically equal, listings 1.18 for abnormality of a major joint or 11.14 for peripheral neuropathy. AR 19. The ALJ further memorialized his finding that the Plaintiff's mental health impairments, considered singly and in combination, does not meet or medically equal the criteria of listings 12.04 for depressive, bipolar, and related disorders, or 12.06 for anxiety and obsessive-compulsive disorders. AR 20. The ALJ discussed the "paragraph B" criteria and found Plaintiff mildly limited in understanding, remembering, or applying information and moderately limited in: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. AR 20–21. In addition, the ALJ found that the "paragraph C" criteria were not satisfied. AR 21.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 4

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with certain exceptions. AR 21. The ALJ restricted Plaintiff's RFC as follows:

> he can stand and walk for no more than 15 minutes at a time and needs a cane in order to ambulate. Postural activities can be performed occasionally except for climbing of ladders, ropes, or scaffolds, which postural activity the claimant can never engage in. He needs to avoid all exposure to extreme temperatures and hazards such as unprotected heights and dangerous moving machinery. From a psychological perspective, the claimant can understand, remember, and carry out complex tasks and maintain concentration, persistence, and pace on those tasks for the two-hour intervals between regularly-scheduled breaks, but there should be no fast-paced production rate of work and interaction with the public and coworkers needs to be limited to only the occasional basis.

AR 21.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 22.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work. AR 27 (citing 20 C.F.R. § 404.1565).

**Step five:** The ALJ found that Plaintiff has at least a high school education; was 39 years old, which is defined as a younger individual (age 18-44), on the alleged disability onset date; and that transferability of job skills is not material to the determination of disability because Plaintiff is "not disabled" under the Medical-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 5

1  Vocational Rules, whether Plaintiff has transferable job skills. AR 28 (citing 20
2  C.F.R. §§ 404.1563 and 404.1564). The ALJ found that given Plaintiff's age,
3  education, work experience, and RFC, Plaintiff can make a successful adjustment to
4  other work that exists in significant numbers in the national economy. AR 28–29.
5  Specifically, the ALJ recounted that the VE identified the following representative
6  occupations that Plaintiff could perform with the RFC: document preparer
7  (sedentary, unskilled, with around 19,170 jobs nationally); touch-up screener
8  (sedentary, unskilled work, with around 1,500 jobs nationally); and nut sorter
9  (sedentary, unskilled work with around 2,182 jobs nationally). AR 28. The ALJ
10 concluded that Plaintiff has not been disabled within the meaning of the Act from
11 the alleged onset date of September 6, 2019, through the date of the decision. AR
12 29.
13     Represented by Christopher Dellert and Karl Osterhout, Plaintiff sought
14 review of the ALJ's decision in this Court. ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

17     Congress has provided a limited scope of judicial review of the
18 Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the
19 Commissioner's denial of benefits only if the ALJ's determination was based on
20 legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 6

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

   A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 8

1   severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).

2   If the claimant does not have a severe impairment or combination of impairments,

3   the disability claim is denied.

4       If the impairment is severe, the evaluation proceeds to the third step, which

5   compares the claimant's impairment with listed impairments acknowledged by the

6   Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

7   404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

8   meets or equals one of the listed impairments, the claimant is conclusively presumed

9   to be disabled.

10       If the impairment is not one conclusively presumed to be disabling, the

11   evaluation proceeds to the fourth step, which determines whether the impairment

12   prevents the claimant from performing work that they have performed in the past.  If

13   the claimant can perform their previous work, the claimant is not disabled.  20

14   C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is

15   considered.

16       If the claimant cannot perform this work, the fifth and final step in the process

17   determines whether the claimant is able to perform other work in the national

18   economy considering their residual functional capacity and age, education, and past

19   work experience.  20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137,

20   142 (1987).

21

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff's brief raises the following issue regarding the ALJ's decision:

1. Did the ALJ fail to conduct an adequate analysis of Plaintiff's RFC at steps four and five?

**Steps Four and Five**

Plaintiff argues that Plaintiff's self-described limitations "are disabling, or, at the very least, that they describe far greater and more detailed limitations than the ALJ's RFC, which found Plaintiff capable of sedentary work, occasional postural limitations (except never climb ladders, ropes, or scaffolds) and the ability to understand, remember, and carry out complex tasks and maintain concentration, persistence, and pace." ECF No. 12 at 9. Plaintiff argues that several aspects of his disability claim demonstrate why the ALJ's formulation of the RFC is deficient. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 10

First, Plaintiff argues that the ALJ overlooked that Plaintiff takes "high doses of Gabapentin and Oxycodone, which negatively impact his memory and ability to concentrate." ECF No. 12 at 9 (citing AR 285). Plaintiff asserts that the RFC conflicts with this limitation by allowing Plaintiff to remember and carry out complex tasks, as well as maintain concentration for 2-hour intervals between regularly scheduled breaks. *Id.* (citing AR 21). Plaintiff also asserts that his foot pain due to severe nerve damage, resulting in drop foot, conflicts with the RFC allowing two hours per day of stooping, kneeling, and crawling, "positions which obviously depend on a certain amount of agility and functional movement." *Id.* at 9–10.

The Commissioner responds that substantial evidence supports the ALJ's determination that Plaintiff can perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with pertinent exceptions that the Commissioner identified. ECF No. 13 at 3–4 (citing AR 21–27). With respect to Plaintiff's pain allegations, the Commissioner argues that an ALJ is not required to believe every allegation of disabling pain, "'or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act].'" *Id.* (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The Commissioner maintains that the ALJ demonstrated a thorough review of the record and cited to records supporting that, despite an injury-causing ATV accident in September 2019 and some physical limitations,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 11

Plaintiff's physical pain and limitations are "certainly not to a disabling degree." *Id.* at 6–7 (citing AR 22–27, 355–56, 367, 416, 517–18, 1045, 1050–53, 1559, 1579–80). The Commissioner asserts that the ALJ further cited to substantial evidence in formulating Plaintiff's RFC in reference to his mental symptoms, including objective findings of normal mood and affect and effective treatment with medication. *Id.* at 7 (citing AR 23–24, 408, 412, 417, 428, 518, 521, 524, 526, 529, 531, 533, 535, 539, 1039–48, 1045–46, 1055, 1057, 1553, and 1730).

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e). However, the ALJ retains "the duty to make the requisite factual findings to support [her] conclusions." *Pinto*, 249 F.3d at 844.

At step five, the ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrock*, 240 F.3d at 1164. The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes, without directly raising the issue, that the ALJ erred in her treatment of Plaintiff's subjective symptom testimony. *See* ECF No. 12 at 4 ("The RFC is inextricably tied to the ALJ's assessment of the claimant's self-described limitations because these analyses rely on the same facts and apply the same general principles of consistency and supportability.") (citing "§§ 404.1545(a)(3); 404.1529(c)"). However, the ALJ cited to substantial evidence and provided specific, clear, and convincing reasons to support her treatment of Plaintiff's subjective complaints. Namely, the ALJ noted that Plaintiff claimed that the pain medications that he takes, Gabapentin and Oxycodone, cause a range of disabling side effects. AR 22. However, the ALJ observed that in November 2019 Plaintiff reported significant improvement to his physical condition, a desire to return to work, and confirmation from a physician that he was cleared to return to work, all while simultaneously taking those same medications. AR 23 ("Thus, the claimant's perceived ability to return to work despite being on significant dosages of both Gabapentin and Oxycodone at that time significantly calls into question the severity of their alleged side effects.") (citing AR 408). The ALJ also found that Plaintiff's claim that his symptoms worsened when he returned to work from December 2019 until January 2020 does not undermine his ability to sustain a limited range of sedentary work because that work exceeded the RFC. AR 23. The ALJ also cited to Plaintiff's medical records that did not substantiate the severity of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 13

his claimed symptoms and reflected many unremarkable objective findings. AR 23–24 (citing AR 408, 412, 417, 428, 518, 521, 524, 526, 529, 531, 533, 535, 539, 1039–48, 1045–46, 1055, 1057, 1553, and 1730).

Plaintiff presents no basis upon which the Court could find that the ALJ's assessment of this evidence was erroneous. To the contrary, the RFC and hypothetical contained the limitations that the ALJ found to be supported by substantial evidence in the record. Moreover, the ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005). The Court grants judgment to the Commissioner on this sole issue that Plaintiff raised on appeal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 14

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Brief, **ECF No. 12**, is **DENIED**.

2. Defendant the Commissioner's Brief, **ECF No. 13**, is **GRANTED**.

4. Judgment shall be entered for Defendant the Commissioner.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** September 5, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge
